**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Araya Wolde Giorgis,<br><br>  Plaintiff,<br><br>vs.<br><br>Christopher M. Goodman, et al.,<br><br>  Defendants. | No. CV 11-01767-PHX-FJM<br><br>**ORDER** |

Plaintiff filed a complaint in the Superior Court of Arizona in Maricopa County on March 21, 2011 and amended his complaint on July 14, 2011. Defendants Osborn Maledon, P.A., Jason Romero, and Jones Osborn, II filed a notice of removal to which no known served defendants objected (doc.1 at 2). Thirteen motions have now been filed in this case. The defendants who have filed documents can be condensed into seven groups: Christopher M. Goodman, Geoffrey S. Kercsmar, and Kercsmar & Feltus ("K&F"); Amy L. Ariss, Thomas Sadvary, Dean Thomas, Jerry Beckerman, and Scottsdale Healthcare ("SHC"); Olson Jantsch and Bakker, P.A. ("OJB"); Thomas, Thomas & Markson, P.C., Benjamin C. Thomas, and Neal B. Thomas ("TTM"); Mark P. Hummels, William J. Maledon, Jones Osborn II, Jason J. Romero, and Osborn Maledon P.A. ("OM"); Jennings, Strouss & Salmon, P.L.C. and John J. Egbert ("JSS"); and First American Title Company and First American REO Servicing ("FA").

**I**

We have before us plaintiff's motion for recusal (doc. 32), SHC defendants' response (doc. 33), and plaintiff's reply (doc. 66). We also have joinders in the response from defendants TTM (doc. 38), OJB (doc. 39), OM (doc. 44), FA (doc. 48), and JSS (doc. 60). We also have before us plaintiff's motion to disqualify because of bias and prejudice (doc. 37), SHC defendants' response (doc. 53), joinders from TMM (doc. 54), JSS (doc. 62), FA (doc. 68), and OM (doc. 71), and plaintiff's reply (doc. 66). We also have before us plaintiff's second motion to disqualify because of bias and prejudice (doc. 55), SHC's response (doc. 57), TMM's joinder (doc. 54), JSS's joinder (doc. 63), FA's joinder (doc. 68), and OM's joinder (doc. 71). Finally, there are two other motions to disqualify because of bias and prejudice (docs. 64 and 72), three separate supporting affidavits (docs. 65, 73, and 77)[1], a separate supplement (doc. 76), and a response from SHC (doc. 75).

Plaintiff requests recusal under 28 U.S.C. §§ 144 (actual bias) and 455 (the appearance of bias). Under § 144, whenever a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." This affidavit must "state the facts and the reasons for the belief that bias or prejudice exists" and must be filed within ten days from the beginning of the term at which the proceeding is to be heard. 28 U.S.C. § 144.

The affidavit must "state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits." United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978). The judge must also look at "(3) the substantiality of the support given by these facts to the allegation of bias." Id. at 739-40. "[T]he judge against whom an affidavit is filed may pass upon its legal sufficiency. . . . [and] properly deny the affidavit for insufficiency if the facts, taken as true, do not provide fair support for the contention that statutory bias exists." Id.

---

[1] We note that, under 28 U.S.C. § 144, plaintiff is only allowed to file one affidavit, so his second and third affidavits will not be considered. United States v. Barnes, 909 F.2d 1059, 1072 n.16 (7th Cir. 1990).

Plaintiff's affidavit is devoid of any facts. He baselessly alleges the court is racist and financially corrupted by the defendants. He also claims bias because his previous case before this court was dismissed. Conclusory statements alleging personal bias or prejudice are not statements of fact, and do not provide a basis for disqualification. See Willenbring v. United States, 306 F.2d 944, 946 (9th Cir. 1962). Nor are prior adverse rulings sufficient cause for removal. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Plaintiff has not alleged any facts or reasons which require removal under § 144. Nor are there facts alleged in the affidavit, which if true, require transfer of the motion to recuse to another judge.

Section 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." We ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (citation omitted). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" Id. (quoting In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)). A reasonable person would not question our impartiality here. Plaintiff's allegations of bias and prejudice are no more than the type of "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" that are not sufficient to require a § 455(a) recusal. Clemens v. U.S. Dist. Court for Central Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (citation omitted). Accordingly, plaintiff's motions for recusal are denied.

**II**

We may "proceed no further" in a case until all recusal motions are resolved. 128 U.S.C. § 144. Having resolved the current recusal motions, we now proceed to other pending, fully briefed motions. Plaintiff filed a motion requesting sanctions and an extension of time to respond to motions filed between September 7, 2011 and September 23, 2011 (doc. 36). The OM defendants filed a notice of non-opposition to his motion to extend time to respond, alerting the court that they sent copies of their motion to dismiss and motion for injunctive relief to the wrong address (doc. 45). The plaintiff alerted defendants to their

1 mistake and they sent copies of their motions to the correct address that day. Plaintiff timely
2 filed a response to these motions (doc. 46) and later filed a supplement and errata to his
3 response (doc. 52). Accordingly, this motion is now moot.

4 Plaintiff requests additional time to serve the remaining defendants and additional
5 time to amend his complaint (doc. 40). In the same motion, he opposes removal because
6 some defendants have not yet been served. The SHC defendants responded (doc. 42) and
7 plaintiff did not file a reply. Rule 4(m), Fed. R. Civ. P., provides that a court must dismiss
8 an action against a defendant who has not been served within 120 days after the complaint
9 is filed, unless plaintiff shows "good cause for the failure." Plaintiff made no attempt to
10 show why he has been unable to serve the remaining defendants. He filed his complaint on
11 March 21, 2011 and the time to accomplish service was extended to September 16, 2011.
12 Plaintiff does not offer any reason why he needs another extension of time. As a result, we
13 deny his request for an extension of time to serve defendants.

14 In addition, we deny plaintiff's request to amend his complaint. Plaintiff has already
15 amended his complaint once; therefore, under Rule 15(a)(2), Fed. R. Civ. P., he may amend
16 now only with the opposing parties' written consent or if justice so requires us to grant leave
17 to amend. Plaintiff has given us no information as to how or why he wishes to amend.
18 Because he has failed to comply with LRCiv 15.1, we have no way to know whether
19 amendment should be allowed. See AmerisourceBergen Corp. v. Dialysist West, Inc., 465
20 F.3d 946, 951 (9th Cir. 2006) (court need not grant leave to amend when amendment
21 prejudices the opposing parties, is sought in bad faith, produces an undue delay, or is futile).
22 Therefore, because nothing in his request shows that justice would be served by allowing an
23 amendment, his request is denied.

24 Finally, we also deny plaintiff's repeated requests for sanctions. He has failed to
25 provide any legal authority supporting his request or any facts which show sanctions would
26 be warranted.

27 **IT IS ORDERED DENYING** plaintiff's motions for recusal and disqualification
28 (docs. 32, 37, 55, 64, and 72).

**IT IS ORDERED DENYING** plaintiff's motion for an extension of time (doc. 36) as moot.

**IT IS ORDERED DENYING** plaintiff's motion requesting extensions of time to serve defendants and amend his complaint (doc. 40).

We urge plaintiff to cease his abuse of the system. We also urge plaintiff to seek the advice of a lawyer. If he does not have one, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 19th day of October, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge