**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Araya Wolde Giorgis,<br><br>        Plaintiff,<br><br>vs.<br><br>Christopher M. Goodman, et al.,<br><br>        Defendants. | No. CV 11-01767-PHX-FJM<br><br>**ORDER** |

Plaintiff filed a complaint in the Superior Court of Arizona in Maricopa County on March 21, 2011 and amended his complaint on July 14, 2011. Defendants Osborn Maledon, P.A., Jason Romero, and Jones Osborn, II removed to this court. He alleges violations of the First, Fifth, and Fourteenth Amendments of the United States Constitution; sections 4, 6, and 8 of Article II of the Arizona Constitution; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; A.R.S. §§ 12-651, -652, -653, -349, and -541; and other unnamed federal and state statutes.

Defendants Amy L. Ariss, Thomas Sadvary, Dean Thomas, Jerry Beckerman, and Scottsdale Healthcare Hospitals ("SHC") move for a more definite statement (doc. 5). Defendants Mark P. Hummels, William J. Maledon, Jones Osborn, II, Jason J. Romero, and Osborn Maledon P.A. ("OM") move to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. (doc. 6). Defendants Christopher M. Goodman, Geoffrey S. Kercsmar, and Kercsmar & Feltus ("K&F") join this motion to dismiss (doc. 7). Defendants Thomas, Thomas & Markson, P.C., Benjamin C. Thomas, and Neal B. Thomas ("TTM") also join the motion to dismiss (doc. 9) and the motion for a more definite statement (doc. 10). Defendant Olson

Jantsch and Bakker, P.A. ("OJB") joins OM's motion to dismiss (doc. 11), as do defendants Jennings, Strouss & Salmon, P.L.C. and John J. Egbert ("JSS") (doc. 35).

Defendants TMM move to dismiss based upon faulty service (doc. 13) which defendant OJB joins (doc. 14). Defendants OM move for injunctive relief pursuant to 28 U.S.C. § 1651 (doc. 16), joined by defendants OJB (doc. 17), TTM (doc. 18), SHC (doc. 20), K&F (doc. 30), and JSS (doc. 34).

The SHC defendants move to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. (doc. 23). Defendants TTM join this motion (doc. 26), as do defendants K&F (doc. 31). Defendants JSS move to dismiss the amended complaint and, in the alternative, for an order requiring a more definite statement (doc. 35). Defendants FA join this motion (doc. 49).

Plaintiff filed a response to the motions to dismiss and the motion for injunctive relief (doc. 46), an errata (doc. 52), and a motion for sanctions combined with a supplement to his response (doc. 82). Replies were filed by the TTM defendants (doc. 58), SHC defendants (doc. 59), and OM defendants (doc. 70). The OM defendants also joined in the replies of SHC and TTM (doc. 71), as did FA (doc. 69). JSS joined in OM's reply (doc. 74).

## I

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II

Plaintiff's complaint is devoid of a cognizable legal theory and lacks the facts necessary to state a plausible claim for relief under any of his alleged theories. His first set

of claims asserts that defendants violated his rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. But there are no factual allegations to support these claims. Section 1981 refers to discrimination in the making of contracts, yet plaintiff's complaint contains no assertion of a contract. Sections 1985 and 1986 involve conspiracies to interfere with civil rights, yet his complaint contains nothing more than conclusory allegations of conspiracy among the defendants and federal and state judges. Plaintiff uses these same conclusory allegations to support the state action requirement of his § 1983 claim. When ruling on a motion to dismiss under Rule 12(b)(6), we "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986). A "bare assertion of conspiracy will not suffice." Twombly, 550 U.S. at 556, 127 S. Ct. at 1966. Plaintiff's claims lack plausibility and fail to show that he is "entitled to relief." Rule 8(a)(2), Fed. R. Civ. P.

Plaintiff also alleges violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution and Article II, sections 4, 6, and 8 of the Arizona Constitution. But he fails to plead any facts showing how his rights under these provisions were violated. Nor does he plead the facts necessary to show state action. See Central Hardware Co. v. NLRB, 407 U.S. 539, 547, 92 S. Ct. 2238, 2243 (1972) ("The First and Fourteenth Amendments are limitations on state action . . . ."); Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process . . . ."); Niedner v. Salt River Project Agr. Imp. & Power Dist., 121 Ariz. 331, 332, 590 P.2d 447, 448 (1979) (Art. II, § 4 of the Arizona Constitution applies only to state action); Fiesta Mall Venture v. Mecham Recall Comm., 159 Ariz. 371, 375, 767 P.2d 719, 723 (Ct. App. 1988) (Art. II, § 6 of the Arizona Constitution does not restrain private conduct); State v. Cañez, 202 Ariz. 133, 151, 42 P.3d 564, 582 (Art. II, § 8 of "Arizona's Constitution protects the home from official intrusion . . . ."). Plaintiff fails to plead sufficient facts to state a claim that is plausible on its face. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

The bare citations to A.R.S. §§ 12-651, 12-652, 12-653, 12-349, and 12-541 fail to

state cognizable claims. We explained this to Giorgis before.

> Section 12-651 is Arizona's Uniform Single Publication Act and itself provides no independent basis for relief. Sections 12-652 and 12-653 apply only to traditional print media, which obviously does not apply here. Section 12-349 authorizes sanctions against a party filing unjustified legal actions. Plaintiffs have alleged no facts that would support an award under this statute. Finally, section 12-541 is a statute of limitations for various claims, not a separate cause of action.

Giorgis v. Ogden, No. CV-09-1174-PHX-FJM, 2009 WL 3571355, at *2 (Oct. 26, 2009).

Plaintiff accuses defendants of defamation. But he fails to allege a single fact to support the elements of the tort. His bald allegations that defendants fabricated stories and attacked his reputation are insufficient to state a claim under any standard. In addition, to the extent that any statements were made by lawyers in the course of prior litigation, they are absolutely privileged.

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

Restatement (Second) of Torts § 586 (1977) (quoted in Green Acres Trust v. London, 141 Ariz. 609, 613, 688 P.2d 617, 621 (1984)).

Plaintiff repeatedly requests sanctions against the defendants but it is his own action that is sanctionable. He does not allege any facts which would support an award under A.R.S. § 12-349. In addition, if he intended to request sanctions under Rule 11, Fed. R. Civ. P., he failed to comply with the procedures laid out in Rule 11(c)(2). Plaintiff's motion (doc. 82) does not contain specific factual allegations which would support an award of sanctions.

## III

Defendants have requested an injunction pursuant to 28 U.S.C. § 1651 which would require plaintiff to obtain court permission before filing any further action against them in federal or state court. We note, however, that the recent cases in which plaintiff has been a party plaintiff in this court have been removed here by defendants. Thus, prefiling review is not possible. While defendants may be entitled to such an order, they should seek it in the court in which plaintiff files his complaints.

- 4 -

**IV**

Accordingly, **IT IS ORDERED DENYING** the SHC defendants' motion for a more definite statement (doc. 5) and JSS defendants' motion for a more definite statement (doc. 35) as moot.

**IT IS ORDERED DENYING** defendant group TTM's motion to dismiss based on faulty service (doc. 13) as moot.

**IT IS ORDERED GRANTING** defendants' motions to dismiss (docs. 6, 23, 35). All claims against the following defendants are dismissed with prejudice because any amendment to the complaint would be futile: Christopher M. Goodman, Geoffrey S. Kercsmar, Kercsmar & Feltus, Amy L. Ariss, Thomas Sadvary, Dean Thomas, Jerry Berckermann, Scottsdale Healthcare Hospitals, Olson Jantsch and Bakker, P.A., Neal B. Thomas, Benjamin C. Thomas, Thomas, Thomas & Markson, P.C., Jason Romero, William J. Maledon, Jones Osborn, II, Mark P. Hummels, Osborn Maledon, P.A., John J. Egbert, Jennings, Strouss & Salmon, P.L.C., First American Title Insurance Company, and First American REO Servicing.

For the same reasons, **IT IS ORDERED DISMISSING** all claims against those defendants who have not been served: Todd Feltus, Andrew Rosenzweig, Daniel P. Jantsch, John C. West, and Aurora Bank FSB.

**IT IS FURTHER ORDERED DENYING** the motion for injunctive relief without prejudice to reurge it in the proper court (doc. 16).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion for sanctions (doc. 82).

The clerk is directed to enter final judgment in favor of all defendants and against plaintiff.

DATED this 25th day of October, 2011.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge